◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD BENEKE, Appellant. [621 NYS2d 923] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered March 5, 1990, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Since the defendant failed to comply with the requirement of CPL article 660 that his application to examine a witness conditionally be in writing, the trial court was not required to order a conditional examination of the witness *(see,* CPL 660.40 [1]).

We do not find any merit in the defendant's contention that the sentence that was imposed is harsh and excessive *(see, People v Suitte,* 90 AD2d 80).

Finally, the defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Altman and Florio, JJ., concur.

Friedmann, J., dissents and votes to modify the judgment by

reducing the sentence as set forth in the following memorandum: Although I concur with the majority's view on matters other than the sentence, I do not believe that incarceration is appropriate under the circumstances of this case. The events at issue on this appeal date from October 12, 1987, when, in the course of responding to a radio transmission concerning a family altercation, a police officer sprained his thumb in a scuffle with the defendant. It appears that, since this incident, the defendant, who has remained at liberty pursuant to a stay of execution of his sentence, has attended a community college and has been steadily employed as a collection manager in Manhattan. Because a term of imprisonment imposed so long after the event can only serve to unsettle the defendant's hard-won stability, without in any way benefitting society, I would recommend that the defendant's sentence be reduced to weekend incarceration or a period of probation or some combination of these minimally disruptive penalties.